The opinion of the court was delivered by
Breaux, J.
The late Michael T. Muliedy, domiciled in New Orleans, was a victim of the Ford Theatre disaster in Washington.
Congress appropriated five thousand dollars to his heirs and legal representatives. His sister, Kate Muliedy, obtained letters of administration of the succession; an inventory was taken, upon which this amount, the only asset he. left, was carried.
*1581 In her account of administration she credits herself with one-half of the amount and her brother the other as the next of kin.
Maurice Hart, one of the creditors of the late Michael T. Mulledy, opposed the proposed distribution on the ground that the fund was the property of the deceased and liable to seizure for his debts.
This opposition was dismissed.
From the judgment of dismissal he appeals.
There was another opposition filed in the lower court by the heirs of a sister, deceased, of the late Michael T. Mulledy, claiming one-third of the amount to be distributed. They recovered judgment for the amount of one-third of the five thousand dollars.
Before this court the appellee moves to dismiss the appeal on the ground that the court is without jurisdiction ratione materise — the amount of appellant’s claim being eight hundred and one dollars with interest.
The Constitution vests this court with jurisdiction of all eases in which the amount to be distributed exceeds two thousand dollars.
Ordinarily, the opposition will prevent a distribution of an amount sufficient to pay the judgment in case of judgment for the opponent, and no more need be withheld for the purpose.
Here the whole amount is involved. If opponent’s claim be allowed it will necessarily change the title, the amount carried in the account of the administratrix will have to be settled as an asset of the succession and will not be subject to the claim of the next of kin in their own right.
It is manifest that the controversy involves the whole amount- to be distributed and not merely the claim of the opponent.
Where an opposition affects the whole amount and gives good cause to withhold the distribution of amount exceeding two thousand dollars this court has jurisdiction.